IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RANDY KINDER EXCAVATING, INC.**                                    **PLAINTIFF**

**VS.**                                   **4:12CV00668 JM**

**J.A. MANNING CONSTRUCTION
COMPANY and GRANITE RE, INC.**                                     **DEFENDANTS**

**TRICON PRECAST, LTD**                                              **PLAINTIFF**

**VS.**

**J.A. MANNING CONSTRUCTION
COMPANY and GRANITE RE, INC.**                                     **DEFENDANTS**

**ORDER**

Pending is Tricon Precast, Ltd's ("Tricon") motion for partial summary judgment. (Docket # 49). Responses and replies have been filed and the motion is ripe for disposition. For the reasons set forth herein, Tricon's motion is DENIED.

Facts

Randy Kinder Excavating, Inc. ("Kinder") executed a contract with the United States Army Corps of Engineers ("USACE") to serve as general contractor on a construction project known as, "Grand Prairie Pump Station" ("Project"). Kinder entered into a subcontract with Manning to engineer, furnish and install a mechanically-stabilized earthen wall ("MSE Wall") at the Project. Manning terminated the firm it had originally contracted with for the engineering and design of the MSE Wall and hired Tricon to provide the necessary engineering services and materials.

Tricon claims that it prepared a design to meet the project specs and submitted it to

Manning. Manning approved the design and passed it along to Kinder and the Army Corps of Engineers , both of whom signed off on the approval of the design. Tricon then began work on the wall. Tricon contends that after several months of work, Manning was terminated by Kinder due to purported issues with Manning's construction of the wall. Tricon claims that no party involved raised any dispute regarding the quality of Tricon's design, materials or engineering services; it has performed all of the duties required under its contract with Manning; and, is entitled to payment in the amount of $151,274.65 for work performed.

After construction began, Manning contends that Kinder and USACE rejected its work partially based on their belief no tolerances were allowed in the joint gap widths of the erected MSE Wall. Kinder and USACE also complained about other aspects of Manning's work, including its use of 12" filter fabric behind the MSE Wall, in lieu of the 24" fabric supposedly called for in the Project plans and specifications. The disagreements between the parties eventually led to Kinder terminating Manning's subcontract and hiring another company to re-build the MSE Wall. Manning argues that the decision to reject the MSE Wall was based, in part, on incorrect information provided by Tricon during the submittal review process. Tricon gave a confusing answer to an engineering question posed by USACE, which was interpreted to mean no tolerances should be allowed in the joint gap widths of the MSE Wall being erected by Manning. Manning's use of 12" filter fabric, something called for by Tricon in its engineered drawings, also played a role in the decision to reject the MSE Wall.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th

Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

Tricon claims that it performed all duties required under its contract with Manning and is entitled to payment. Although Manning contends that the MSE Wall was wrongfully rejected, Manning argues that the decision to reject the MSE Wall was based, in part, on incorrect information provided by Tricon during the submittal review process and its use of 12" filter fabric, something called for by Tricon in its engineered drawings. The Court finds that these questions of fact preclude the entry of summary judgment. Additionally, the Court finds that Manning's contingent counterclaim was properly plead.

Accordingly, Tricon's motion for partial summary judgment is DENIED.

IT IS SO ORDERED this 8th day of November, 2016.

_____
James M. Moody Jr.
United States District Judge