# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RANDY KINDER EXCAVATING, INC.**                                                                  **PLAINTIFF**

**VS.**                                                       **4:12CV00668 JM**

**J.A. MANNING CONSTRUCTION**
**COMPANY and GRANITE RE, INC.**                                                   **DEFENDANTS**

## ORDER

On September 18, 2019 the Court entered an order finding that Separate Defendant Manning is entitled to fees and costs in this matter. The Court requested Manning file an amended motion for attorneys' fees and costs segregating and eliminating the fees and costs incurred by Granite.

Manning has filed an amended petition, docket # 147. Plaintiff has filed a response and Manning has filed a reply. For the reasons set forth herein, the motion is GRANTED IN PART AND DENIED IN PART. After consideration of the application and briefs, the Court will award attorneys' fees in the amount of $283,609.15 and costs in the amount of $26,363.62.

The original motion for attorneys' fees filed on behalf of Manning and Granite sought fees in the amount of $356,064.25. In its amended petition, Manning reduced its fee request to $296,857.90. Following Plaintiff's response, Manning agrees to an additional reduction of its requested fees.

Plaintiff objects to Manning's fee request arguing that all of the attorneys' fees and expenses expended by Granite in this matter after October 2013 are not recoverable. Plaintiff states that beginning on November 26, 2012, Hayes, Magrini & Gatewood and J.B. Cross represented both Granite and Manning. Since October 2013 Granite has paid all of the fees for

the defense to Kinder's claims and to prosecute Manning's affirmative claims. Plaintiff argues that Granite was not compelled or required to pay all of the fees and that because the Court has previously found that Granite is not entitled to fees, the payments made after October 2013 should be disallowed. Additionally, Plaintiff argues that even if the Court were to determine that Manning is entitled to fees incurred after October 2013, the motion fails to sufficiently allocate the fees between Manning and Granite.

In discussing the reasonableness of an attorney's fee award, the United States Supreme Court has stated that a reasonable attorney's fee is properly calculated by multiplying the number of hours "reasonably expended" on the litigation by a reasonable hourly rate, thereby arriving at the "lodestar". *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Court also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)):   (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases. *Hensley,* 461 U.S. at 434.

The Court finds that the fees requested and the hours as reduced by Manning's most recent pleading are reasonable and just.   The issues in the case were complex and the litigation prolonged.   Further the Court is not persuaded that just because Granite bore the financial

responsibility of the litigation expenses, Manning should be precluded from recovery. Additionally, the charges for time spent in the concurrent representation of Manning and Granite which benefited Manning are recoverable despite the fact that Granite also received a benefit from that work.

After considering the *Hensley* factors and the circumstances of this case, the Court finds it reasonable to award attorneys' fees in the amount of $283,609.15 and costs in the amount of $26,363.62.

IT IS SO ORDERED this 21st day of July, 2020.

_____
James M. Moody Jr.
United States District Judge